IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODNEY HEROD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:25-cv-1484-BT |
| | § | |
| HOBBY LOBBY STORES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

On June 11, 2026, the Court held a hearing to address several matters in this removed negligence action arising out of an 18-wheeler rollover accident. *See* Order (ECF No. 38). As stated on the record at the conclusion of the hearing and for the reasons explained below, the Court:

(1)  **DENIES** Plaintiff Rodney Herod's Motion to Amend the Scheduling Order (ECF No. 33) and **STRIKES** his Amended Complaint (ECF No. 21);

(2)  **DENIES** Defendant Hobby Lobby Stores, Inc.'s Motion to Strike Plaintiff's Response in Opposition to Hobby Lobby's Motion for Summary Judgment (ECF No. 34);

(3)  **GRANTS** Hobby Lobby's Motion for Summary Judgment (ECF No. 26); and

(4)  **TERMINATES** all other pending Motions as moot, including Hobby Lobby's Agreed Motion for Protective Order (ECF No. 20) and Movant VSS Transportation Group, Inc.'s Motion to Strike Plaintiff's Amended Complaint (ECF No. 29).

1

1.  <u>Plaintiff's Motion to Modify the Scheduling Order</u>

Plaintiff's original state court petition asserts a single negligence cause of action against Defendant Hobby Lobby Stores, Inc. *See generally* Pet. (ECF No. 1-4). Succinctly stated, Plaintiff alleges that he was operating a commercial truck hauling a loaded trailer when the cargo, allegedly negligently loaded, secured, or distributed, shifted and caused the trailer to become unstable and overturn, resulting in Plaintiff's injuries. *Id.* ¶¶ 10, 11, 13.

Under the Court's Scheduling Order, the deadline for filing amended pleadings, including motions joining additional parties, was December 19, 2025. *See* Scheduling Order 1, ¶ 1 (ECF No. 9). And "[a]fter December 19, 2025, a party may amend its pleadings *only* with leave of Court, upon a showing of good cause." *Id.* (emphasis added). On March 25, 2026—more than three months after the expiration of the deadline for filing amended pleadings—Plaintiff filed a "First Amended Petition," without leave of court or any showing of good cause. *See* Am. Compl. (ECF No. 21). This pleading purported to add VSS Transportation Group, Inc. (VSS) as a defendant and assert new allegations and claims against Hobby Lobby. *See id.*

Federal Rule of Civil Procedure 16 governs the modification of scheduling orders. Under Rule 16, "[a] [scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A court has "broad discretion to preserve the integrity and purpose" of its scheduling order. *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 239 (5th Cir. 2015) (emphasizing that

2

Rule 16(b) requires the judge's consent). To show good cause, "the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id.* at 237 (quoting *Filgueira v. U.S. Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (per curiam). The Court considers four factors when determining whether there is good cause under Rule 16(b)(4):

(1) the explanation for the failure to timely comply with the scheduling order;

(2) the importance of the modification;

(3) potential prejudice in allowing the modification; and

(4) the availability of a continuance to cure such prejudice.

*Id.* (citing *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir.2010)). Further, although Rule 15(a)'s more lenient standard ordinarily governs the amendment of pleadings, "Rule 16(b) governs the amendment of pleadings after a scheduling order's deadline to amend has expired." *Filgueira*, 734 F.3d at 422. Thus, a party must first show good cause for missing the pleading deadline before the more liberal standard of Rule 15(a) applies. *See id.*

In this case, because the amendment deadline has passed, Plaintiff must show "good cause" before the Court will modify its Scheduling Order and permit the amended pleading. *See, e.g., id.* Having considered the relevant factors, however, the Court finds that Plaintiff has failed to establish good cause to modify the Scheduling Order.

As to the first factor, Plaintiff offers no persuasive explanation for his failure to timely comply with the scheduling order. Although the Amended Petition adds new allegations against Hobby Lobby, Plaintiff concedes that these new allegations "flow directly from the same core facts pleaded in the Original Petition." Reply Mot. Modify ¶ 2 (ECF No. 42). Yet Plaintiff fails to explain why those allegations could not have been asserted against Hobby Lobby before the amendment deadline.

Nor has Plaintiff provided a reasonable explanation for his untimely claims against VSS. Plaintiff contends he did not learn of VSS's existence until December 18, 2025, one day before the amendment deadline. *See* Mot. Modify ¶ 21 (ECF No. 33). But Hobby Lobby identified VSS in its Initial Disclosures months earlier, and notably, Plaintiff alleges that he was employed by VSS at the time of the accident. *See* Am. Pet. ¶ 11; Resp. Mot. Modify at Ex. 2, Initial Disclosures (ECF No. 35-2). Thus, Plaintiff knew, or should have known, of VSS well before the deadline.

Plaintiff also argues that he could not have asserted direct claims against VSS until March 2026, when Hobby Lobby produced a "Motor Carrier Agreement" between Hobby Lobby and VSS. *See* Mot. Modify ¶ 22. But Plaintiff fails to explain how that Agreement provided a basis for Plaintiff's negligence claims, particularly because Plaintiff had previously attempted to assert a negligence claim against VSS in January—months *before* obtaining the Agreement.[1] *See* Resp. Mot. Modify,

---

[1] Plaintiff appears to have erroneously filed an amended pleading in the removed state court action. That filing asserted a direct negligence claim against VSS.

Ex. 4, Am. Pet. (ECF No. 35-4). And although Plaintiff argues that the Agreement establishes "VSS's direct *contractual* liability to Plaintiff," *See* Mot. Modify ¶ 22 (emphasis added), Plaintiff asserted no contract-based claims in his amended pleading. *See* Am. Pet. (ECF No. 21). Indeed, the Amended Petition does not mention the Motor Carrier Agreement. *See* Am. Pet. (ECF No. 21).

Hobby Lobby disclosed the Agreement's existence in November 2025 and requested a signed protective order before producing it to Plaintiff. *See* Resp. Mot. Modify, Exs. 1, 2, 3 (ECF Nos. 35-1, 35-2, 35-3). Plaintiff did not respond until March 2026, when Plaintiff's counsel permitted Hobby Lobby to sign the protective order on his behalf. *See* Reply Mot. Modify ¶ 5 (ECF No. 42). Thus, any delay in obtaining the Agreement was caused by Plaintiff's lack of diligence.

Finally, Plaintiff's decision to focus on settlement negotiations does not excuse his failure to comply with the Scheduling Order. See *Montalvo v. Bank of Am.*, No. SA-10-CV-360-XR, 2011 WL 13234972, at *5 (W.D. Tex. May 3, 2011). In sum, Plaintiff has offered no reasonable explanation for his failure to comply with the Scheduling Order.

The second factor likewise weighs against modification. Plaintiff argues that modification is necessary because newly produced documents revealed VSS's liability after the amendment deadline. *See* Mot. Modify ¶ 27. But, as discussed, Plaintiff has not shown how the Motor Carrier Agreement was necessary to assert his negligence claims. Further, any consequences arising from Plaintiff's failure to obtain the Agreement sooner are attributable to Plaintiff's lack of diligence.

The third factor also weighs against granting Plaintiff's Motion. Discovery has closed, and the dispositive motion deadline has passed. Allowing amendment now would require reopening discovery, causing prejudice to VSS and Hobby Lobby in the form of increased costs and delayed resolution of the case. *See Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) ("A defendant is prejudiced if an added claim would require the defendant 'to reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the Court.")) (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)). In contrast, any prejudice to Plaintiff is attributable to his own delay and lack of diligence.

As to the fourth factor, a continuance would not cure the prejudice identified; rather, it would compound it by further increasing the expense and delay associated with the litigation. *See id.* (quoting *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir.1990)).

Plaintiff has failed to show that the deadlines in this case could not have been met despite reasonable diligence. *Squyres*, 782 F.3d at 237. Accordingly, the Court DENIES Plaintiff's Motion to Modify the Scheduling Order. And because Plaintiff's Amended Petition (ECF No. 21) was filed after the deadline, without good cause, and without leave, the Court STRIKES it from the docket.

Hobby Lobby's Motion for Summary Judgment

Hobby Lobby's Motion for Summary Judgment was directed at the claims in the now-stricken Amended Petition. At the June 11, 2026, hearing, however, the

parties agreed that their arguments regarding negligence apply equally to the claims asserted in the Original Petition. The Court therefore limits its consideration of the Motion to those claims. Hobby Lobby also moves to strike Plaintiff's summary judgment response—filed two days late—as untimely. *See* Mot. to Strike (ECF No. 34). The Court DENIES that request because Plaintiff's delay was minimal and Hobby Lobby suffered no prejudice. Accordingly, the Court fully considered the untimely Response, and it does not affect the Court's decision on the merits.

A movant is entitled to summary judgment if the pleadings and evidence show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the evidence in the light most favorable to the nonmovant, draw all reasonable inferences in the nonmovant's favor, and refrain from making credibility determinations or weighing the evidence. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013).

The movant bears the initial burden of identifying the basis for its motion and the portions of the record demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to identify specific facts showing a genuine issue for trial. *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968). Although the

Court must draw reasonable inferences in the nonmovant's favor, it need not accept inferences that amount to mere speculation or conjecture. *See, e.g.*, *Mack v. Newton*, 737 F.2d 1343, 1351 (5th Cir. 1984).

If the nonmovant fails to produce evidence sufficient to establish an essential element of its claim on which it bears the burden of proof at trial, the Court must grant summary judgment. *See, e.g.*, *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp.*, 477 U.S. at 322; *Lyons*, 964 F.3d at 302; *Musser v. Paul Quinn Coll.*, 944 F.3d 557, 560 (5th Cir. 2019); *Tiblier*, 743 F.3d at 1007; *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013). When a party fails to establish the existence of an essential element of its case, no genuine dispute of material fact exists, and summary judgment is required. *Goode v. Greenstream Int'l, L.L.C.*, 751 F. App'x 518, 521 (5th Cir. 2018); *see Phillips v. Sanofi U.S. Servs. (In re Taxotere (Docetaxel) Prods. Liab. Litig.)*, 994 F.3d 704, 710 (5th Cir. 2021); *Apache Corp. v. W&T Offshore Inc.*, 626 F.3d 789, 793 (5th Cir. 2010). "A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial' and 'mandates the entry of summary judgment' for the moving party." *Alvarez v. City of Brownsville*, 904 F.3d 382, 389 (5th Cir. 2018) (quoting *United States ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir.), *cert. denied*, 555 U.S. 1012 (2008)), *cert. denied*, 139 S. Ct. 2690 (2019).

This case was removed to federal court based on diversity jurisdiction. Therefore, the Court applies the substantive law of the forum state. Under Texas law, a plaintiff asserting a negligence claim must prove that: (1) the defendant

owed a legal duty to the plaintiff; (2) the defendant breached that duty; (3) and the plaintiff's damages were proximately caused by the breach. *See Elephant Ins. Co., L.L.C. v. Kenyon*, 644 S.W.3d 137 (Tex. 2022). Hobby Lobby argues that it is entitled to summary judgment because the evidence "shows an absence of genuine issue of material fact" on each element—duty, breach, and causation. *See* Mot. Summ. J. ¶ 12.

In a negligence case, the "threshold inquiry" is whether a defendant owed the plaintiff a legal duty—this inquiry "encompasses several questions of law: the existence, scope, and elements of a duty." *Kenyon*, 644 S.W.3d at 144. The existence of a legal duty is determined from the facts surrounding the occurrence in question. *Id.* Here, Plaintiff contends that Hobby Lobby owed a "legal duty to exercise ordinary care in the loading and securing of cargo intended for transport, especially when the cargo was to be carried in a commercial vehicle on public roadways." *See* Original Pet. ¶ 14. Plaintiff suggests that this duty arises out of the Federal Motor Carrier Safety Act (FMCSA) and implementing regulations and argues that "cargo owners" such as Hobby Lobby are subject to these regulations. But the Court was unable to locate any case supporting Plaintiff's contention regarding the application of the FMCSA to "cargo owners."[2] And by its plain

---

[2] Plaintiff cited *Cargill Inc. v. Zurich Am. Ins. Co.*, 825 F.3d 256 (5th Cir. 2016) for this proposition. *See* Resp. Mot. Summ. J. ¶ 29; Mot. Summ. J. ¶ 20. But at the hearing, counsel admitted that *Cargill* does not exist and that Plaintiff's counsel failed to verify this citation after utilizing generative artificial intelligence in the drafting of his response. *See* Not. Errata (ECF No. 45).

language, the FMCSA applies only to "motor carriers," *see* 49 U.S.C. § 13102(14) (defined as "a person providing motor vehicle transportation for compensation"), and "drivers," not to those who merely receive property. *See* 49 C.F.R. § 376.2(k); 49 C.F.R. § 390.3(a); *see also Caballero v. Archer*, No. SA 04 CA 561 OG, 2007 WL 628755, at *5 (W.D. Tex. Feb. 1, 2007). Thus, the FMCSA and implementing regulations do not apply to Hobby Lobby and do not give rise to any legal duty owed to Plaintiff.

Plaintiff posits, however, that there is a genuine issue of material fact regarding whether Hobby Lobby retained or exerted sufficient control over the foreign vendor and/or VSS such that Hobby Lobby is vicariously liable for the negligence of either party. *See* Resp. Mot. Summ. J. As a general rule, a person has no duty to control another's conduct. *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 131 (Tex. 2018). The doctrine of vicarious liability is an exception to that rule and allows an employer to be held liable for the conduct of its employees acting in the course and scope of their employment. *Id.* at 130–131. By contrast, an employer is generally insulated from liability for the tortious acts of its independent contractors. *Id.* at 131.

The distinguishing factor between an employee and an independent contractor is an employer's overall right to control the work. *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 542 (Tex. 2002) (quoting *Golden Spread Council, Inc. v. Akins*, 926 S.W.2d 287, 290 (Tex. 1996)). That said, a principal may still be liable for the acts of its independent contractor when the principal 'retains some control

over the manner in which the contractor performs the work that causes the damage." *See JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 865 (Tex. 2021). "Control can be established in two ways: by (1) a contractual right of control or (2) an exercise of actual control." *See Dow Chem. Co. v. Bright*, 89 S.W.3d 602, 606 (Tex. 2002)). And such control must "extend to the means, methods, or details of the independent contractor's work" and must "relate to the condition or activity that caused the injury." *See JLB Builders, L.L.C.*, 622 S.W.3d at 865.

Hobby Lobby argues that there is an absence of a genuine issue of material fact as to duty and vicarious liability. *See* Br. Mot. Summ. J. ¶¶ 32, 61 (ECF No. 28). And Hobby Lobby submitted evidence showing that it did not employ, supervise, instruct, or control any personnel involved in loading, securing, or transporting of the cargo and thus owed no duty and cannot be vicariously liable for the negligence of any other company associated with the cargo. *See* Kreeb Decl. ¶¶ 6–23 (ECF No. 27-2). Plaintiff submitted no evidence to the contrary. Plaintiff attempts to argue that Hobby Lobby's purchase order, which allegedly provided details regarding the items ordered, "directly determined how the cargo was stacked, how much weight was placed in each container, and ultimately whether the weight of the load was suitable for domestic highway transport." *See* Resp. Mot. Summ. J. ¶ 26, 27. But Plaintiff cites no expert testimony or other evidence supporting this argument. Instead, Plaintiff confusingly asserts that "the cargo inside the sealed container had been loaded, arranged, and balanced *exclusively* by the foreign vendor," and that "[n]o one in the domestic chain—not VSS, not [Plaintiff], not any Hobby Lobby

representative—inspected, rearranged, or reweighed the internal load configuration before the accident." *See* Resp. Mot. Summ J. ¶¶ 6, 9 (ECF No. 32) (emphasis added). Thus, there is no genuine issue of material fact—the undisputed evidence establishes that Hobby Lobby exercised no control over the foreign vendor who loaded the cargo. Accordingly, Hobby Lobby owed Plaintiff no legal duty to load or secure the cargo and cannot be held vicariously liable for any alleged negligence of the foreign vendor that did.

The same is true with respect to VSS. Here, the summary judgment record contains evidence suggesting that VSS transported goods for Hobby Lobby solely as an independent contractor. *See* Appx. 005, Kreeb Decl. ¶ 21; *See also* ECF No. 28-2, Motor Carrier Agreement. Indeed, the "Motor Carrier Agreement" between Hobby Lobby and VSS states that VSS shall provide shipping services for Hobby Lobby "as an independent contractor," and that VSS is responsible for furnishing and maintaining all supplies, equipment, licenses, permits, and insurance necessary for transporting goods under the agreement. *See* ECF No. 28-2, Motor Carrier Agreement at 3–5. Hobby Lobby submitted evidence showing that it had no right to direct or control the way in which VSS carried goods and Plaintiff provided no evidence to the contrary. Accordingly, there is no genuine dispute of material fact—Hobby Lobby did not have contractual or actual control over VSS. *See Dow Chem. Co.*, 89 S.W.3d at 606. Thus, even if VSS acted negligently, Hobby Lobby cannot be held vicariously liable for any alleged negligence of VSS.

Further, even assuming Hobby Lobby owed Plaintiff a duty to properly load or secure the cargo, there is no genuine factual dispute as to whether Hobby Lobby breached that duty or caused the rollover. Hobby Lobby submitted evidence showing that none of its personnel were involved in the shipping, loading, or transporting of the cargo in this case, *See, e.g.*, Appx. 002–005, Kreeb Decl. ¶¶ 6–23; Appx. 006–009 (Sea Waybill and Cargo Receipt), and Plaintiff submitted no evidence to the contrary. Again, Plaintiff admitted in his response that "the cargo inside the sealed container had been loaded, arranged, and balanced *exclusively* by [a] foreign vendor," and that "[n]o one in the domestic chain—not VSS, not [Plaintiff], not any Hobby Lobby representative—inspected, rearranged, or reweighed the internal load configuration before the accident." *See* Resp. Mot. Summ J. ¶¶ 6, 9 (ECF No. 32) (emphasis added). Accordingly, there is no genuine issue of fact because Plaintiff has no evidence that Hobby Lobby breached any duty to load or secure the cargo or caused the rollover that injured Plaintiff.

Thus, Hobby Lobby did not owe Plaintiff a legal duty to load and secure the cargo, nor is Hobby Lobby vicariously liable for the conduct of either VSS or the foreign shipping company. Further, there is no evidence that Hobby Lobby breached a duty to Plaintiff or caused his injuries. Accordingly, Plaintiff has failed to establish essential elements of his negligence claim, and Hobby Lobby is entitled to summary judgment. *Celotex Corp.*, 477 U.S. at 322; *Alvarez v. City of Brownsville*, 904 F.3d 382, 389 (5th Cir. 2018).

13

## Conclusion

The Court **DENIES** Plaintiff Rodney Herod's Motion to Amend the Scheduling Order (ECF No. 33) and **STRIKES** his Amended Complaint (ECF No. 21); **DENIES** Defendant Hobby Lobby Stores, Inc.'s Motion to Strike Plaintiff's Response in Opposition to Hobby Lobby's Motion for Summary Judgment (ECF No. 34); **GRANTS** Hobby Lobby's Motion for Summary Judgment (ECF No. 26); and **TERMINATES** all other pending Motions as moot, including Hobby Lobby's Agreed Motion for Protective Order (ECF No. 20), and Movant VSS Transportation Group, Inc.'s Motion to Strike Plaintiff's Amended Complaint (ECF No. 29).

**SO ORDERED.**

June 23, 2026.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

14